# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTHONY DARNETT OSBORNE,

    Petitioner / Defendant

v.                                                                                            Civil No. 02-639 LH/WWD
                                                                                                  Crim. No. 98-989 LH

UNITED STATES OF AMERICA,

    Respondent / Plaintiff.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1.  THIS MATTER comes before the Court upon Mr. Osborne's "Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody," ("Petition"), file-stamped June 3, 2002 **[Doc. 1]**.  Petitioner is currently incarcerated, following a jury trial which convicted him of "conspiracy to possess, with intent to distribute, more than 100 kilograms of marijuana.  21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846."  United States v. Osborne, 12 Fed.Appx. 815, 817, 2001 WL 603878, at **1 (10th Cir. Jun. 4, 2001) (not published in the Federal Reporter).  Petitioner was sentenced to 97 months imprisonment and 4 years supervised release.  Id.

    2.  Mr. Osborne's § 2255 petition, which was filed *pro se*, raises six grounds of error, all of which involve alleged deficiencies of counsel:[1]

    (1)  Counsel failed to challenge the quantity of marijuana involved in the offense at trial;

    (2)  Counsel failed to challenge the quantity of marijuana involved in the offense during

---

[1] Although Petitioner lists only four grounds for relief in his petition, I have separated the claims into six grounds in order to facilitate the Court's consideration of the allegations.

the sentencing process;

(3) Counsel failed to file any motions on Petitioner's behalf, specifically, "a motion to suppress information acquired from the stop of the Mustang." Pet. at 5;

(4) Counsel failed to object to or request any jury instructions;

(5) Counsel failed to engage in plea bargaining to minimize Petitioner's exposure; and

(6) Counsel's multiple deficiencies constitute cumulative error.

3. The Government filed a response to Mr. Osborne's Petition. See United States' Answer to Def.'s Mot. ("Answer"), filed June 27, 2002 **[Doc. 5]**. In addition to his Petition, Mr. Osborne also submitted a "Memorandum of Supporting Case Law for Motion Under 28 U.S.C. § 2255," file-stamped June 18, 2002 **[Doc. 4]** and "Reply Brief," filed July 29, 2002 **[Doc. 7]**. However, these latter two documents address only Petitioner's claims contained in grounds one and two listed above.

4. To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Petitioner must establish that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. To meet this first prong, "petitioner must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Hickman v. Spears, 160 F.3d 1269, 1273 (10th Cir. 1998) (quoting Strickland, 466 U.S. at 689); see also Duvall v. Reynolds, 139 F.3d 768, 777 (10th Cir. 1998). When analyzing the performance of Petitioner's counsel, this Court will focus on "not what is prudent or appropriate, but only what is constitutionally compelled." United States v. Cronic, 466 U.S. 648, 665 n.38 (1984). Additionally, Petitioner's claim of ineffective assistance of counsel will be viewed "from the perspective of his counsel at the time he rendered his legal services, not in hindsight." Hickman,

160 F.3d at 1273; accord Strickland, 466 U.S. at 689.

5. The second prong of the Strickland test requires Petitioner to show that his counsel's deficient performance prejudiced his defense. Strickland, 466 U.S. at 692. To satisfy the second prong, Petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

*Grounds One and Two*

6. Petitioner's first two grounds involve the failure of the trial court to submit the quantity of marijuana to the jury as an element of his offense, and counsel's failure to object to the quantity of marijuana used during the sentencing proceedings. Specifically, Petitioner contends that the marijuana was so heavily packaged and coated in grease, that had those materials been properly subtracted from the total weight, the marijuana remaining would weigh less than 50 kilograms.

7. However, I find that grounds one and two fail because it cannot be said that counsel's failure to object to the quantity of marijuana used to determine Petitioner's sentence fell below an objective standard of reasonableness. On direct appeal, the Tenth Circuit Court of Appeals noted that "[a]t trial, there was uncontroverted, overwhelming testimony that approximately 298 pounds of marijuana were found in the truck." Osborne, 12 Fed.Appx. at 821, 2001 WL 603878, at **5. Furthermore, "[t]here was no evidence adduced at trial to raise a reasonable doubt as to the quantity." Id. In the face of such evidence, I cannot conclude that counsel acted unreasonably in failing to challenge the quantity of marijuana at trial, or during the sentencing proceedings.[2]

---

[2] To the extent that Petitioner raises an Apprendi challenge to his conviction, the Tenth Circuit Court of Appeals considered and rejected such a challenge. Issues previously considered and disposed of on appeal will not be considered for federal review under § 2255. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Thus, Petitioner's argument that his counsel was ineffective on this basis necessarily fails.

8. Nor can Petitioner's counsel be faulted for failing to predict future law. Petitioner was convicted on May 18, 1999. However, the decision in Apprendi was not announced until June 26, 2000. "Clairvoyance is not a required attribute of effective representation." United States v. Gonzales-Lerma, 71 F.3d 1537, 1542 (10th Cir. 1995); see Sherrill v. Harget, 184 F.3d 1172, 1175 (10th Cir. 1999). In light of the circumstances surrounding Petitioner's trial and sentencing, I do not find counsel's conduct objectively unreasonable. Thus, relief based on grounds one and two should be denied.

*Grounds Three and Four*

9. In ground three, Petitioner alleges that his counsel was ineffective for failing to file a motion to suppress evidence obtained from the stop of the Mustang. The Government points out that "[n]othing was seized from the Mustang [that] Osborne and [a co-defendant] were driving and they made no statements after they were arrested; so, there was nothing to suppress." Respondent's Answer at 6. Petitioner offers nothing to dispute the Government's assertion. Moreover, I find Petitioner's allegation regarding counsel's alleged failure to file a motion to suppress to be vague and conclusory.[3] Finally, Petitioner does not allege nor demonstrate any prejudice caused by counsel's failure to file such a motion. Because Petitioner does not establish either deficient conduct of counsel or resulting prejudice, relief based on this ground should be denied.

10. In ground four, Petitioner alleges that his counsel was ineffective for failing to object

---

[3] Although a *pro se* litigant's pleadings should be liberally construed, he is not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); see also Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991).

to, or request, jury instructions.  As with ground three, I find that Petitioner's allegation on this ground is vague, conclusory and fails to establish prejudice.  Moreover, this ground fails to the extent that Petitioner seeks to re-raise an Apprendi challenge.  See Osborne, 12 Fed.Appx. at 821, 2001 WL 603878, at **5 (finding that the "failure to submit the quantity of marijuana as an element of Mr. Osborne's offense to the jury was not error because his sentence of 97 months . . . did not exceed the lowest possible statutory maximum").  Accordingly, relief based on ground four should be denied.

*Grounds Five and Six*

11.  In ground five, Petitioner alleges that counsel was ineffective based on a failure to engage in plea bargaining.  The Government states that plea offers were made and rejected.  Petitioner's claim in ground five fails because it is vague, conclusory and fails to allege or establish prejudice.  Because Petitioner fails to allege a sufficient factual basis for finding either deficient conduct or prejudice, relief based on this ground should be denied.

12.  In ground six, Petitioner appears to allege that he is entitled to relief because of counsel's "other []cumulative errors."  Pet. at 6.  However, Petitioner fails to specifically identify any errors or point to a factual basis for this allegation.  Nor can Petitioner successfully claim that the alleged deficiencies set forth above comprise "cumulative error" because each one of those grounds has no merit.  Thus, relief based on this ground should also be denied.

13.  Finally, because it is possible to resolve the issues on the pleadings, and the record establishes conclusively that Petitioner is not entitled to relief, I find that an evidentiary hearing is not necessary.  See United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988).

**Recommendation**

I recommend that Mr. Osborne's "Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody," **[Doc. 1]** be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.  Any pending motions should be DENIED as moot.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE